# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARCO A. ROMERO,

   Appellant,

  v.

UNITED STATES POSTAL SERVICE,

   Agency.

DOCKET NUMBER
SF-0752-15-0402-I-1

DATE: September 23, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Marco A. Romero, Palmdale, California, pro se.

Catherine V. Meek, Esquire, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed his alleged constructive suspension appeal. For the reasons set forth below, we VACATE the initial decision and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2        The appellant was formerly an EAS-17 Supervisor of Customer Services. On July 30, 2013, the agency offered him a rehabilitation assignment to the position of Level 6 Customer Care Agent based on an on-the-job injury that he sustained in 2011.  Initial Appeal File (IAF), Tab 6 at 18-20.  The agency stated that the position duties were in compliance with the appellant's medically defined work limitations, which included his not being able to work in a noisy environment or for more than 8 hours per day.  *Id.*  He accepted the offer on October 14, 2013, *id.* at 20, and attended orientation on November 4, 2013.  He reported for his first day of classroom training on November 5, 2013, but requested sick leave, claiming that the noise level exceeded his medical restrictions, *id.* at 17.  He submitted medical documentation stating that the noise level of the work environment exacerbated the chronic daily headaches and posttraumatic stress disorder from which he suffered.  IAF, Tab 5 at 10-11.  He did not return to work thereafter.[2]

¶3        On appeal, the appellant claimed that the agency had taken various actions against him, including suspending him for more than 14 days.  IAF, Tab 1 at 3. He indicated that the effective date of the agency's action or decision he was appealing was November 4, 2013.  *Id.*  He requested a hearing.  *Id.* at 2.  The agency moved that the appeal be dismissed for lack of jurisdiction and as untimely filed.  IAF, Tab 7.

¶4        The administrative judge ordered the appellant to file evidence or argument showing why his appeal should not be dismissed as untimely filed, and evidence or argument amounting to a nonfrivolous allegation that his claim of constructive

---

[2] It appears that the appellant was carried briefly on sick leave, followed by a substantial period of leave without pay and then absence without leave.  IAF, Tab 6 at 7-11.  His medical condition was initially ruled compensable, but the agency rescinded that acceptance on July 14, 2014, effective that date, *id.* at 15, although his records reflect that he was carried on leave without pay for several weeks thereafter, *id.* at 9.

suspension is within the Board's jurisdiction.[3]   IAF, Tab 10.   The appellant responded to both issues, IAF, Tab 11, and the agency replied to the response, IAF, Tab 12.

¶5        The administrative judge dismissed the appeal as untimely filed.   IAF, Tab 13, Initial Decision (ID) at 1, 4.   He considered the appellant's claim that 120 days had passed since he filed an equal employment opportunity (EEO) complaint, but found that he only filed a formal complaint in February 2013, before the date of the action at issue, that did not address any of the same matters, but rather events that predate the allegations in this appeal.   The administrative judge further found, as to the appellant's assertion that he filed an EEO complaint in March 2015, that he had not shown that he, in fact, filed a complaint on the matters raised in this appeal.   ID at 4.   In light of his finding on timeliness, the administrative judge did not address any jurisdictional issues.   ID at 3 n.4.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶7        Although the existence of Board jurisdiction is a threshold issue, in an appropriate case, an administrative judge may dismiss an appeal as untimely filed if the record on timeliness is sufficiently developed and shows no good cause for the untimely filing.   *Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶¶ 4, 6 (2006).   Such an approach is not appropriate, however, if the jurisdictional and timeliness issues are "inextricably intertwined," that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action.   *Hanna*, 101 M.S.P.R. 461, ¶ 6.   The issues of timeliness and jurisdiction generally are considered to be inextricably intertwined in a constructive suspension appeal because a failure to inform an employee of Board appeal rights may excuse an untimely filed appeal, and whether the agency was obligated to

---

[3] The jurisdictional part of the Order superseded an earlier Order which did not reflect the current law on the Board's jurisdiction over constructive suspension appeals.   IAF, Tab 2.

inform the employee of such appeal rights depends on whether he was affected by an appealable action. *Fields v. U.S. Postal Service*, [117 M.S.P.R. 475](#), ¶ 7 (2012).

¶8    An employee's absence for more than 14 days may be a constructive suspension appealable under [5 U.S.C. §§ 7512](#)(2) and 7513(d). Constructive suspensions arise under a variety of fact patterns, but they share two characteristics: (1) the employee lacked a meaningful choice in the matter; and (2) the agency's wrongful actions deprived the employee of that choice. Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Bean v. U.S. Postal Service*, [120 M.S.P.R. 397](#), ¶ 8 (2013).

¶9    The appellant's claim is that he was compelled to take leave because his only alternative was to work in a setting that he could not tolerate, according to his doctor's restrictions, and that the agency placed him in that situation by not accommodating his needs. These allegations, if proven, could establish that the appellant lacked a meaningful choice in the matter and that it was the agency's improper actions that deprived him of that choice. *Id.* The jurisdictional prerequisites of chapter 75 otherwise appear to be satisfied because the appellant is a preference-eligible Postal Service employee with 1 year of current continuous service and his absence lasted for more than 14 days. IAF, Tab 6 at 21; *see* [5 U.S.C. §§ 7511](#)(a)(1)(B)(ii), 7512(2). Therefore, we find that the appellant has made a nonfrivolous allegation that he was subjected to an appealable constructive suspension.

¶10    If the appellant can prove that he was constructively suspended, then he will have established that he was affected by an appealable action and the agency would have been obligated to inform him of his appeal rights. If the agency was so obligated, then the appellant's duty would have been to act promptly by filing his appeal once he became aware of the basis of his claim. *Edge v. U.S. Postal Service*, [113 M.S.P.R. 692](#), ¶ 11 (2010).

¶11 Because resolution of the timeliness issue depends on whether the appellant was subjected to an appealable constructive suspension, and because the administrative judge did not make jurisdictional findings, it was improper for him to dismiss the appeal as untimely filed. *Id.*, ¶ 12.

## ORDER

For the reasons discussed above, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order, including a jurisdictional hearing.[4]

FOR THE BOARD:          _____
         William D. Spencer
         Clerk of the Board

Washington, D.C.

---

[4] The appellant filed a constructive suspension appeal in January 2013, before this appeal, in which he alleged that, although he had been released by his doctor to return to his duties as an EAS-17 Supervisor of Customer Services, and had expressed his intent to return, the agency had not allowed him to do so. The administrative judge found that the appellant had made a nonfrivolous allegation of jurisdiction and convened a hearing, after which he dismissed the appeal for lack of jurisdiction. On the appellant's petition for review, the Board affirmed the initial decision as modified, applying the current, recently developed, jurisdictional test for constructive suspensions. The Board found that, once the appellant was medically released to return to work with medical restrictions, the agency's decision not to return him to work deprived him of a meaningful choice in the matter, but that the Board lacked jurisdiction over the constructive suspension appeal because the agency did not act improperly in refusing to allow the appellant to return to work. *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 9 (2014). In arriving at the latter finding, the Board considered evidence from both parties, including hearing testimony. *Id.*, ¶¶ 10-12. On remand, the administrative judge shall conduct a similar analysis of the issues based on the record that is developed.